```
                                                                                    C/M
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
SAMMY P. BANCHS,                                        :
                                                        :
                            Plaintiff,                  :
                                                        :
           - against -                                  :
                                                        :      **ORDER**
RIKERS ISLAND CORRECTIONAL                              :
FACILITY; DR. BARNEY; FISHKILL                          :      18-cv-7023 (BMC) (LB)
CORRECTIONAL FACILITY; ANN                              :
SULLIVAN CORRECTIONAL FACILITY;                         :
GREEN HAVEN CORRECTIONAL                                :
FACILITY; DOWNSTATE CORRECTIONAL                        :
FACILITY; POST RELEASE SUPERVISION,                     :
                                                        :
                            Defendants.                 :
------------------------------------------------------- X
```

**COGAN**, District Judge.

*Pro se* plaintiff is currently incarcerated at Green Haven Correctional Facility in Stormville, New York. He brings this action under 42 U.S.C § 1983 alleging that Rikers Island, a Rikers Island physician, and four New York State prisons violated his constitutional rights. For the reasons below, the complaint is dismissed, and plaintiff is granted leave to file an amended complaint within 20 days of the date of this order.

## BACKGROUND

Plaintiff claims that during his incarceration at Rikers Island and four different New York state prisons and during his post-release supervision, his constitutional rights were violated "by me being assaulted by officers at facilities, mental health staff [had a] practice of giving me

medication and threatening me to take me to court if I don't take [psychotropic] medication," which he claims caused breathing problems and thirst during his sleep.

From what the Court can understand of the complaint, plaintiff alleges the following facts: while he was incarcerated (1) at Rikers Island in 2002, defendant Dr. Barney and Captain Smith placed him in lockdown for 90 days, he was given a scalding shower (with water temperatures of 150 degrees), and an officer kicked him while he was in handcuffs; (2) at Rikers Island in 2014-2015, he was pepper sprayed and was kept in a mental ward against his will; (3) at Downstate Correctional Facility ("C.F.") in 2017, he was tightly handcuffed when he had a broken forearm; (4) at Sullivan C.F., he fell and was unconscious for "10-20 seconds [and] woke up in medical"; (5) at Fishkill C.F., he fell on a slippery floor and was injured because the facility required inmates to keep their hands in their pockets, and some of his property was taken and lost; and (6) at Green Haven C.F., he was sent to "mental observation" and told he needed medication after "African American officers cause[d] [a] problem."

Plaintiff also claims that in 2006, he "did a year confinement for no reason"; states "Mental Health in Green Haven 2017"; claims that in 2018 "confine me in mental ward[ a]nd mental health staff trying to force me to take psy-medications"; and claims that on November 21, 2018, he was admitted to lockdown "for no reason," but provides an illegible explanation for that admission.

Plaintiff seeks damages of $250 million (but also indicates that he is suing for $1 billion).

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss it if it is "frivolous, malicious, or fails to state a claim upon

which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." See also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under § 1915A, *sua sponte* dismissal is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court must construe *pro se* pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and interpret them "to raise the strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal citation omitted). But a *pro se* complaint must still plead enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Here, plaintiff's claims for monetary damages arise under § 1983. To maintain an action under § 1983, a plaintiff must allege that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547

3

(2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each named defendant in the constitutional deprivations at issue. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

## I. Improper Defendants

Plaintiff names as defendants four state prisons (Downstate C.F., Sullivan C.F., Green Haven C.F., and Fishkill C.F.), a New York City jail (Rikers Island), and the New York Department of Post-Release Supervision. These entities are not proper parties to this lawsuit.

The Eleventh Amendment bars plaintiffs' claims against the state prisons and the state post-release supervision agency. See Kaplan v. New York State Dept. of Corrs., No. 99-Civ-5856, 2000 WL 959728, at *1 (S.D.N.Y.) ("'The law is clear that the state, and state agencies such as DOCS, are immune from prisoner § 1983 suits because of their Eleventh Amendment sovereign immunity."); Jones v. Bishop, 981 F. Supp. 290, 295 (S.D.N.Y. 1997) ("Sing Sing, as a part of DOCS, a state agency, is considered an arm of the state and stands in the same position as the State."). Plaintiff's claims against these state entity defendants must be dismissed because they seek monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915A(b)(2); 1915(e)(2)(B)(iii).

Plaintiff's claim against Rikers Island must also be dismissed. "Rikers Island is not a 'person' within the meaning of § 1983, and, as part of the New York City Department of Correction, an agency of the City of New York, cannot be sued independently." Bromfield v. New York State, No. 15-cv-3529, 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016) (quoting

Farray v. Rikers Island Corr. Fac., No. 12-cv-4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012).

## II. Improper Venue

If plaintiff can state claims against individuals who worked at the institutions that he has sued, he could not sue for those incidents in this judicial district except for the incidents occurring at Rikers Island. Downstate C.F., Green Haven C.F., Fishkill C.F., and Sullivan C.F. are not within this judicial district. The venue statute permits suing on such claims only in the judicial district where the events giving rise to them occurred or where all defendants reside. See 28 U.S.C. § 1391(b). Since there is no indication that there is any relationship between the claims or the defendants to whom each claim is attributable, plaintiff cannot simply lump all of his claims together.

The only claims that are properly venued in this district are those that arose in Rikers Island. All of the other prison facilities are within the Southern District of New York, and plaintiff must bring claims arising in those facilities in the Southern District of New York. As noted below, most and possibly all of plaintiff's claims arising at Rikers Island are time-barred. Plaintiff should therefore bring any action arising from the facilities other than Rikers Island in the Southern District of New York.

## III. Time-Barred Claims

Plaintiff also names as a defendant a physician employed at Rikers Island named Dr. Barney. As noted above, plaintiff alleges that Dr. Barney placed him in lockdown for 90 days at Rikers Island in 2002. Since the claim concerns an event that occurred 16 years ago, it is barred by the three-year statute of limitations applicable to Section 1983 claims. See Milan v. Wertheimer, 808 F.3d 961, 963-64 (2d Cir. 2015). Because the time-bar is plain on the face of

the complaint, this claim must be dismissed because it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1); 1915(e)(2)(B)(ii).

For the same reason, plaintiff's other claims from 2002 – that he was given a scalding hot shower and that an officer kicked him while he was handcuffed – are also time-barred.

## IV. Rule 8

Plaintiff's complaint also fails to comply with the general pleading standard set forth in Federal Rule of Civil Procedure 8(a)(2). Under that rule, a plaintiff must provide a short, plain statement of claim against each named defendant so that they have adequate notice of the claims against them. See Iqbal, 556 U.S. 678. More specifically, a plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiff's complaint fails to comply with these strictures for two reasons. First, certain of plaintiff's claims do not include a date on which the alleged violation of his rights occurred. Although pleading the date of an incident is not always required, here, because plaintiff has been incarcerated since at least 2002 and in many different facilities, plaintiff's failure to provide even an approximate date of when these events took place does not provide defendants with fair notice of the claims that plaintiff is bringing against them.

Second, certain of plaintiff's claims do not provide any detail as to why the event at issue constitutes a deprivation of his constitutional rights. For example, simply stating "mental health"

in 2017 does not explain the basis for that claim. This is problematic because plaintiff's complaint is largely jumbled and rambling. Indeed, plaintiff seems to mention most, if not all, of the incidents that have ever happened to him while he has been incarcerated. And to fit all the alleged constitutional violations in the space provided, plaintiff has written in very small and often illegible handwriting. The complaint might include viable claims, but due to its presentation, the Court is unable to discern them.

Plaintiff's complaint must therefore be dismissed for failure to comply with Rule 8. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (noting that a court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.")

V. **Leave to Amend**

In light of plaintiff's *pro se* status, he is afforded 20 days to amend his complaint to comply with the terms of this order. See Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003).

In his amended complaint, must not pursue those allegations which this Order holds are time-barred. As to the claims that are not time-barred, he must name as proper defendants those individuals who were personally involved in the incidents alleged in the amended complaint. To the best of his ability, plaintiff must describe, separately for each and every incident, each individual and the role that individual played in the alleged deprivation of plaintiff's rights. If plaintiff cannot identify a defendant by name, he may set forth the allegations against that person and designate them as Jane Doe or John Doe if he can describe them physically or provide any identifying information as to that person or persons.

Plaintiff should also provide the dates and locations for each incident included in the amended complaint. Although the face of the complaint discloses that only some his claims are

definitely time-barred, plaintiff is reminded that the statute of limitations for § 1983 claims is three years from the time that plaintiff knew or had reason to know of the injury giving rise to the claim. See Milan v. Wertheimer, 808 F.3d 961, 963-64 (2d Cir. 2015).

Plaintiff must also state facts to support the allegations of constitutional violations and why he is entitled to relief. To the extent plaintiff needs additional space to include relevant facts and information, plaintiff should attach additional sheets of paper to his complaint, rather than write smaller to fit everything in the space provided.

Finally, plaintiff is informed that to the extent he seeks to raise claims for incidents that occurred at Downstate C.F., Green Haven C.F., Fishkill C.F., or Sullivan C.F., venue is proper for those claims in the United States District Court for the Southern District of New York. In other words, this Court will only hear claims relating to incidents at Rikers Island that occurred within the past three years. It appears that any such claims may be beyond the three-year statute of limitations, so to the extent all that remains are claims from arose in places other than Rikers, plaintiff should file his complaint in the judicial district in which venue is proper to avoid expiration of the statute of limitations applicable to those claims.

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed. Should plaintiff decide to file an amended complaint, it must be submitted within 20 days of this order, be captioned "Amended Complaint," and bear the same docket number as this order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so plaintiff must include in it any allegations he wishes to pursue against proper defendants. To aid plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights (Prisoner)" form to plaintiff. If plaintiff fails to timely file an amended complaint, the action shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 23, 2018